# MARIX

*v.*

# ACEVEDO.

San Juan, Law, No. 1296.

DISCLAIMER UNDER OATH.

**New Trial—Inconsistent Amendment.**
> Where a party has disclaimed, he cannot be granted a new
> trial on the ground that he was actually in possession of the prop-
> erty as his own.

Opinion filed February 11, 1921.

*Mr. O. B. Frazer* for complainant.

*Mr. Almiroty* for defendant.

HAMILTON, Judge, delivered the following opinion:

In his answer filed to the complaint in this case the defend-
ant denied under oath that he is in possession of the property
sued for. It is true that the affidavit is not made by the de-
fendant in person, but by his attorney, but this was done on the
usual ground of the absence of the defendant. It must be held
to bind the defendant fully.

The defendant after losing the case applies for a new trial
on the ground that the ruling of the court denying him the right
to prove that he owned another piece of property was a sur-

Marix v. Acevedo.

prise, admitting at the same time that it was his error. In effect he wishes to set up that he is in possession of the land sued for, but that it does not belong to the plaintiff, on the ground that the defendant has been in possession in good faith for the time required by the law of prescription of Porto Rico.

The question is one of discretion, which, because it is not revisable, appeals with all the more force to the court. Nevertheless it is impossible to grant the motion. The defendant having disclaimed under oath, it would be impossible under any rule of pleading to permit him now after verdict to file an entirely different defense and say that he is in possession. He chose his defense and must stick to it. The court cannot help him. To do so would authorize a departure, an entirely different defense after an inconsistent defense had failed on the trial.

The motion is denied. It is so ordered.